UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------x
Samir Saad

              Plaintiff,

                                             Case No.: 2:20-cv-12449

                                             Conference Date: 12/8/20

       -against-

Experian Information Solutions, Inc.,
Verizon Communications, Inc.

              Defendant(s).
---------------------------------------------------------------------x

## JOINT PROPOSED DISCOVERY PLAN

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Attorney for Plaintiff:
NAKICHA JOSEPH
STEIN SAKS, PLLC
285 Passaic Street
Hackensack, NJ 07601
201-282-6500 Ext.116 Fax: 201-282-6501

Attorney for Experian Information Solutions, Inc.:
DOROTHY A. KOWAL
PRICE, MEESE, SHULMAN & D'ARMINIO, PC
50 Tice Boulevard
Woodcliff Lake, NJ 07677
(201) 391-3737 Fax: (201) 391-9360

Attorney for Verizon Communications, Inc: Plaintiff has settled the matter with Verizon.

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff Samir Saad**:  Plaintiff asserts various violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA"), against Defendant Experian ("Experian"). Specifically, the Experian violated Plaintiff's rights under the FCRA by failing to properly investigate and correct the credit reporting disputed by the Plaintiff with regard to Plaintiff's

Verizon account. Plaintiff's Verizon account is inaccurate as it contains an incorrect date of status. Specifically, the tradeline lists the date of status as May 2020. In point of fact, the account in question was discharged through a chapter seven bankruptcy proceeding in August 2016. Once this debt was discharged, no further activity had occurred on the account which would allow for the date of status to be updated. As such, the date of status should have been listed at the latest as August 2016 representing the time period when the debt was discharged. In spite of Plaintiff's dispute and Defendant's error, Experian continued to report this inaccuracy on Plaintiff's credit report.

**Defendant Experian Information Solutions, Inc.:** Defendant Experian Information Solutions, Inc. is a consumer reporting agency ("CRA") as that term is defined by the FCRA. It does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. The FCRA requires CRAs to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information they report on consumers, and to timely reinvestigate if a consumer disputes information on his or her credit report. The FCRA is not a strict liability statute and does not require consumer reporting agencies like Experian to maintain error-free credit reporting.

Experian states that at all relevant times, it maintained reasonable procedures to assure maximum possible accuracy of the information regarding Plaintiff. Additionally, Experian states that it properly initiated and conducted any required reinvestigations pursuant to the FCRA. Experian therefore has no liability in this case. Experian further denies it was the proximate cause of any damages alleged by Plaintiff.

3. Have settlement discussions taken place? Yes _____ No __XXX_____

    (a) What was plaintiff's last demand?

        (1) Monetary demand: None

        (2) Non-monetary demand: None

    (b) What was defendant Experian Information Solutions, Inc.'s last offer?

        (1) Monetary offer: None

        (2) Non-monetary offer: None

    4. The parties [have ___XXX_____ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

5. The parties [have _____ have not __XXX__ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

**Parties intend to exchange information within (14) days of the Initial Conference.**

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

**None**

7. The parties [have _____ have not \_\_\_XXX\_\_\_] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

(a) Discovery is needed on the following subjects:

Plaintiff: The intake and processing of the ACDV. Account notes, and policies and procedures.

Experian: Experian intends to take discovery on the basis and support for Plaintiff's claims, including liability, causation and damages.

(b) Discovery [should _____ should not \_\_\_XXX\_\_\_\_] be conducted in phases or be limited to particular issues. Explain.

(c) Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures . – 12/22/20

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d)

(3) Service of initial written discovery . – 01/29/2021

(4) Maximum of 25 Interrogatories by each party to each other party.

(5) Maximum of 7 depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by 12/18/2020.

(7) Factual discovery to be completed by. – 4/30/2021

(8) Plaintiff's expert report due on – 05/9/2021

(9) Defendant's expert report due on  - 06/07/2021

(10) Expert depositions to be completed by - 06/28/2021

(11) Dispositive motions to be served within 60 days of the date set for the completion of expert discovery.

(d) Set forth any special discovery mechanism or procedure requested. - None

(e) A pretrial conference may take place on. June 2021.

(f) Trial date: \_\_ (\_\_XXX\_\_Jury Trial; \_\_\_\_\_ Non-Jury Trial)

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?  Yes. The parties anticipate taking depositions by remote means.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? NO.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S. – YES

12. Do you anticipate any discovery problem(s) not listed above? Describe. NO

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

**The Plaintiff anticipate voluntary mediation may be beneficial at the close of fact discovery.**  Experian does not believe the matter is appropriate for mediation and requests a settlement conference before the Magistrate Judge after the exchange of written discovery.

14. Is this case appropriate for bifurcation? NO.

15. An interim status/settlement conference (with clients in attendance), should be held in __March of 2021_____.

16. We [do _____ do not ____XXX_____] consent to the trial being conducted by a Magistrate Judge. DO NOT

17. Identify any other issues to address at the Rule 16 Scheduling Conference

N/A.

Dated:  December 3, 2020

/s/ Nakicha Joseph_____
Nakicha Joseph, Esq.
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ 07601
Ph: 201-282-6500
Fax: 201-282-6501

njoseph@SteinSaksLegal.com
*Attorneys for Plaintiff*

*/s/Dorothy A. Kowal*
Dorothy A. Kowal
Price, Meese, Shulman & D'Arminio, PC
50 Tice Boulevard
Woodcliff Lake, NJ 07677
(201) 391-3737
Email: dkowal@pricemeese.com
*Attorney for Defendant*
*Experian Information Solutions, Inc.*